IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gary Eugene Lott, ) | Case No. 8:19-cv-00954-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Christopher Lance Sheek, Eugene C. ) | |
| Griffin,[1] David M. Stumbo, Elizabeth ) | |
| White, City of Greenwood, Greenwood ) | |
| County, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On April 4, 2019, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance of service of process. ECF No. 10. Plaintiff filed objections to the Report. ECF No. 16.

---

[1] As stated in the Report and Recommendation, it appears that Plaintiff misidentifies Judge Griffith as Judge Griffin. The Court will refer to this Defendant as Judge Griffith.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge determined that Judge Griffith is entitled to judicial immunity, that Stumbo and White are entitled to prosecutorial immunity, and that Sheek[2] is entitled to prosecutorial immunity or is not a state actor under § 1983. She found that Plaintiff fails to state a claim for relief against the City of Greenwood and Greenwood County. The Magistrate Judge determined that Plaintiff's claims as they relate to money damages and

---

[2] The Magistrate Judge notes that Sheek is identified only as an attorney who participated in Plaintiff's criminal proceeding; accordingly, she discussed a possible claim against him as a solicitor and as a defense attorney. Alternatively, the Magistrate Judge determined that Plaintiff fails to state a claim for relief against Sheek.

2

injunctive relief for his prior conviction and money damages for his pending state action are barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Finally, she found that the Court should abstain from interfering with his claims for equitable relief as they relate to his pending state action under *Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff objects to the Magistrate Judge's Report. He states that he was unlawfully arrested in March 2019. He appears to argue that the court did not have jurisdiction over his prior criminal charges, that Judge Griffith is not entitled to judicial immunity because he acted without jurisdiction, that Tumbo and White are not entitled to prosecutorial immunity because they prosecuted him without a formal charge and conspired without jurisdiction, and that Sheek was in a conspiracy with the other Defendants. He also generally objects to the Magistrate Judge's conclusion that he failed to identify a specific policy or custom with respect to the City of Greenwood and Greenwood County. He fails to provide any additional facts or support for his claims.

As an initial matter, Plaintiff has not objected to the Magistrate Judge's recommendations with respect to claims that are barred by *Heck* or that the Court should abstain from under *Younger*. The Court has reviewed this portion of the Report for clear error and agrees with the recommendation of the Magistrate Judge.

Moreover, the Court agrees that the individual Defendants are entitled to immunity as explained in more detail in the Report. Plaintiff's statements that they are not entitled to immunity are insufficient. It is clear that the allegations against Stumbo, White, and

3

Sheek[3] are all based on the performance of prosecutorial activities in Plaintiff's criminal case. See generally Safar v. Tingle, 859 F.3d 241, 248 (4th Cir. 2017) ("It is well settled that prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are absolutely immune from civil suit." (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976))). It is also clear that the allegations against Judge Griffith pertain to his judicial actions.[4] See Mireles v. Waco, 502 U.S. 9 (1991). The Court also agrees that Plaintiff has failed to identify a specific policy or custom to state a claim under § 1983 with respect to the City of Greenwood and Greenwood County.

---

[3] In his objections, Plaintiff states that Sheek was an assistant solicitor; accordingly, he is entitled to prosecutorial immunity. However, even if he is incorrectly identified and was Plaintiff's defense counsel, he would still be subject to dismissal. See Davis v. Potts, 547 F.2d 800, 800 ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under [§] 1983.").

[4] It appears that Plaintiff's claims arise from his belief that an alteration to his indictment divested the trial court of jurisdiction. This premise is incorrect. In South Carolina, indictments are notice documents, intended to inform defendants of the charges against them. See State v. Smalls, 613 S.E.2d 754, 756 (S.C. 2005) ("The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, i.e., to appraise him of the elements of the offense and to allow him to decide whether to pled guilty or stand trial." (citing Evans v. State, 611 S.E. 2d 510 (S.C. 2005))). In Smalls, the Supreme Court of South Carolina held that a defendant had notice of the charge to which he pled guilty, despite the lack of an indictment for the charge. Id. Here, the alteration of the form of the indictment, but not the substance, failed to divest the trial court of jurisdiction.

## CONCLUSION

For the foregoing reasons the Court adopts the recommendation of the Magistrate Judge.[5] Plaintiff's claim that his current state action should be dismissed is **DISMISSED** with prejudice pursuant to *Younger*. His remaining claims are **DISMISSED** without prejudice.[6]

IT IS SO ORDERED.

                                                  s/ Donald C. Coggins, Jr.
                                                  United States District Judge

June 18, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] The Court specifically declines to find that this action was frivolous. This decision does not alter any other finding of the Magistrate Judge or this Court.

[6] The Court declines to provide an opportunity to amend the Complaint because any attempt to cure the noted deficiencies would be futile. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).